IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

JULIAN LEE GREEN,

    Plaintiff,

v.

    CIVIL ACTION NO.: 5:25CV19
    (BAILEY)

THOMAS BUCK, ROD LEE, ROCHELLE
BARRY, and KIM GUNSOREK,

    Defendants.

## REPORT AND RECOMMENDATION

Currently pending before the Court is Plaintiff, Julian Lee Green's ("Plaintiff") *pro se* Motion for Leave to Proceed In Forma Pauperis [ECF No. 2]. This matter has been referred by the District Court. ECF No. 4. Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's *pro se* Complaint [ECF No. 1] sets forth any viable claims. *See* 28 U.S.C. § 1915(e)(2)(B). After having conducted the aforesaid review, the Court is prepared to issue its recommendation.

## I.
## FACTUAL/PROCEDURAL HISTORY

In his Complaint, Plaintiff alleges that Defendants deprived him of his First Amendment Rights, his Due Process Rights, and his Equal Protection Rights in violation of 42 U.S.C. § 1983. ECF No. 1. Plaintiff cites three cases in support of his claims: (1) *Williams v. West Virginia UniversityBoard of Governors*, 782 F.Supp.2d 219 (N.D.W. Va. Mar. 2, 2011); (2) *Connally v. General Const. Co.*, 269 U.S. 385 (1926); and (3) *Dunkel v. Elkins*, 325 F.Supp. 1235, 1246 (D.Md.

1971).[1] Plaintiff claims that Defendant, Kim Gunsorek maliciously and intentionally refused to process and/or file Plaintiff's legal paperwork; and that Defendant, Thomas Buck maliciously and intentionally tried to deceive the courts as if Plaintiff did not submit his paperwork. Plaintiff further alleges that Mr. Buck of "practicing unethical conduct," but does not elaborate on said conduct. ECF No. 1. Plaintiff also alleges that Defendant, Rochelle Barry and Defendant, Rod Lee illegally "trespassed [sic]" Plaintiff from "a public building violating [Plaintiff's] due process rights." *Id.* Plaintiff is suing the Defendants in their individual and official capacities. *Id.*

Plaintiff seeks to recover for mental and emotional harm, including an "immediate injunction hearing," as well as monetary and compensatory relief in the amount of $50,000.00. *Id.*

## II.
## DISCUSSION

After considering Plaintiff's Motion to Proceed *in Forma Pauperis* pursuant to the authority granted in 28 U.S.C. § 1915(e)(2)(B), the applicable law and the Court file, the undersigned would conclude that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Therefore, and as is set forth more fully below, the Court **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE**, and that Plaintiff's Motion to Proceed *in Forma Pauperis* [ECF No. 2] be **DENIED AS MOOT**.

The Court has the authority to allow a case to proceed without the prepayment of fees (*in forma pauperis*) "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

---

[1] The import of these cases is unclear from Plaintiff's Complaint.

When a plaintiff seeks to proceed *in forma pauperis*, the Court conducts a preliminary review of the lawsuit before allowing the case to proceed. *See* 28 U.S.C. § 1915(e). The Court must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the Court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324. When reviewing *pro se* complaints, the Court must construe them liberally. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). After liberally construing the allegations in Plaintiff's Complaint, the undersigned would conclude that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." *Id.* at 555, 570. The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To state a claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he or she] [was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

Although a Complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."

3

*Twombly*, 550 U.S. at 555 (citations omitted). Therefore, if a complaint is to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir.2002); and *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Here, Plaintiff makes a claim under 42 U.S.C. § 1983 because of certain actions taken by the named Defendants. However, Plaintiff fails to state how any of the Defendants acted under color of law. Without a more specific factual statement to this effect, Plaintiff's claim for relief pursuant to 42 U.S.C. § 1983 is not adequately supported. Plaintiff's Complaint therefore fails to state a claim upon which relief can be granted.

### III.
### RECOMMENDATION

Accordingly, and for all of the foregoing reasons, the undersigned **RECOMMENDS** that **Plaintiff's Complaint [ECF No. 1] BE DISMISSED WITHOUT PREJUDICE.** Additionally, the undersigned **RECOMMENDS** that **Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 2] be DENIED AS MOOT**.

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court.**

A copy of such objections should also be submitted to the United States District Judge of record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Wright v. Collins*, 766 F.2d 841, 845-48 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985).

The Court **DIRECTS** the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Respectfully submitted this 10th day of February 2025.

_____
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE